IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARTIN MARIETTA MATERIALS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| C.T. HARRIS, INC., HARRIS EARTHMOVING, INC., INTERNAL REVENUE SERVICE, HERTZ EQUIPMENT RENTAL CORPORATION, DDH CONSTRUCTION, INC., FERGUSON ENTERPRISES, INC., ALLEYKAT EQUIPMENT & PARTS, LLC TRANCENTRAL, INC., UNITED STATES TRUSTEE, SUPERTEL HOSPITALITY, INC., and ASHA & NISHA, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | CASE NUMBER<br><br>5:08-CV-173 |
| Defendants. | ) | |

## *PROPOSED SCHEDULING & DISCOVERY ORDER*

In accordance with the Court's Rules 16 and 26 Order dated <u>June 12, 2009</u>, the parties to this action conferred and jointly developed a scheduling order and discovery plan containing deadlines and limitations as follows:

**I.   Nature of the Case:**

*Please include a brief description of the nature of the case and the legal issues to be tried. This summary should not be argumentative nor recite the evidence, but should call the Court's attention to any unique or complex issues or circumstances surrounding the case.*

This is an interpleader suit that arose out of a series of four (4) contracts between Plaintiff Martin Marietta Materials, Inc. and Defendants CT Harris, Inc. for removal of overburden at four (4) of Martin Marietta's quarries. Defendant Harris Earthmoving, Inc. claims to be an assignee of these contracts through CT Harris.

1

By Defendant TranCentral, Inc.
Defendant TranCentral, Inc. states a claim to the interpleaded funds based on two Factoring, Security and Service Agreements Defendants CT Harris and Harris Earthmoving, Inc. signed with TranCentral, Inc. The agreements transferred the rights of the value of CT Harris and Harris Earthmoving, Inc.'s accounts receivables as it pertained to the work completed for Martin Marietta Materials, Inc to TranCentral, Inc.

By Defendant DDH Construction, Inc.
Defendant DDH Construction, Inc. (DDH) contracted with C.T.Harris to perform certain site work on a Martin Marietta project. DDH performed the services which were accepted without rejection or reservation; DDH issued its invoices to C.T. Harris who failed to pay the billed sum of $33,814.68; after a significant delay, Harris Earthmoving, Inc. issued a check signed by George Moye for $25,953.18 in partial payment of the contract price. The check was dishonored.

On June 25, 2008 DDH filed an action against C.T. Harris; Harris Earthmoving and George Moye in the State Court of Washington County, GA. asserting breach of contract and successor liability plus liability on dishonored check and interest on open account. All parties were properly served.

DDH filed its Answer to the instant Interpleader action on July 28 and filed a Stay of the action in Washington County on July 29, 2009. In the instant action, C.T. Harris admits owing DDH the sums stated.

The issues to be tried are: To what extent DDH as a sub-contractor may collect sums due from any sums paid C.T. Harris in this Interpleader action; and successor liability of Harris Earthmoving for the debts of C.T. Harris.

By Defendant Alley Kat Equipment & Parts, LLC
Defendant Alley Kat states a claim to the interplead funds based on its agreement to provide materials for use by CT Harris and Harris Earthmoving, Inc. in the project at Martin Marietta. Alley Kat was to be paid from the proceeds of this work and it was agreed that such payments would be made directly from Martin Marietta to Alley Kat.

By Defendant Harris Earthmoving, Inc.
Defendant Harris Earthmoving, Inc. states a claim to the interplead funds based upon work performed for Martin Marietta.

By Defendant Internal Revenue Service
The Internal Revenue Service has filed five (5) tax liens against C.T. Harris, Inc., in the amount of $5,617,709.96. The Internal Revenue Service maintains that Harris Earthmoving, Inc., is the nominee of C.T. Harris, Inc., and therefore states a claim to the interpleader funds.

## II. Counsel of Record:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

*Please include all relevant contact information for each lead counsel or pro se litigant - including: mailing address, phone number, facsimile number, and email address.*

Andrew M. Beal, Esq.
Andrew M. Beal, P.C.
Counsel for Defendant TranCentral, Inc.
7 Lenox Pointe
Atlanta, GA 30324
404-688-2700
404-688-2988 (fax)
abeal@ambealpc.com

Daniel G. Cahill, Esq.
Poyner Spruill LLP
Counsel for Plaintiff Martin Marietta Materials, Inc.
P.O. Box 1801
Raleigh, NC 27602-1801
919-783-6400
919-783-1075 (fax)
dcahill@poynerspruill.com

David J. Forestner, Esq.
McGuireWoods, LLP
Counsel for Plaintiff Martin Marietta Materials, Inc.
1170 Peachtree Street
21st Floor
Atlanta, GA 30309
404-443-5728
404-443-5776 (fax)

William David Gifford, Esq.
Office of the United States Attorney
Counsel for Defendant Internal Revenue Service
P.O. Box 1702
300 Mulberry Street, Suite 400
Macon, GA 31202-1702
478-621-2729
478-621-2737 (fax)
Bill.Gifford@usdoj.gov

David Lee Judah, Esq.
Counsel for Defendant Harris Earthmoving, Inc.
218 Milledgeville Road
Gordon, GA 31031
478-628-2144
478-628-5216 (fax)
judahlaw@bellsouth.net

Janis L. Rosser, Esq.
Counsel for Defendant DDH Construction, Inc.
570 Colonial Park Drive
Suite 306
Roswell, GA 30075
770-645-5400
770-645-0119 (fax)
janr@rosserlaw.com

Kevin A. Wangerin
Bullard & Wangerin, LLP
Counsel for Defendant Alleykat Equipment & Parts LLC
P.O. Box 18107
Macon, GA 31209
478-757-8500
478-757-1132 (fax)
wangerink@aol.com

### III.  Complaint and Answer filing dates:

Complaint was filed:
    Complaint for Interpleader - May 21, 2008
    Amended Complaint for Interpleader – July 28, 2008
    Second Amended Complaint for Interpleader - October 17, 2008

Answer was filed:
    TranCentral, Inc. - December 19, 2008
    DDH Construction, Inc. – July 28, 2008
    Internal Revenue Service – August 8, 2008 (to Complaint); August 14, 2008 (to Amended Complaint)
    Harris Earthmoving, Inc. – August 11, 2008 (to Amended Complaint); October 28, 2008 (to Second Amended Complaint)
    Alleykat Equipment & Parts, LLC – February 17, 2009 (to Second Amended Complaint)

## IV. Discovery Deadlines:

### A. Time for Discovery

With consideration to the fact that Defendants have filed responsive pleadings at different times and several Defendants' responsive pleadings have not been filed, the following Discovery deadlines have been proposed:

The time for discovery in this case shall expire February 16, 2010.

In the event that one or all parties believe that a greater time for discovery is needed, the party or parties will file a written motion for extension of time, accompanied by a proposed order for the Court, wherein good cause will be shown for the requested extension.

### B. Witnesses to be Deposed

*Please include the name and address of every witness to be deposed and the proposed time, date and place for each deposition.*

Defendant, TranCentral, Inc.
1. **TBD**, Accountant of Martin Marietta Materials, Inc. with knowledge of the invoices from C.T. Harris, Inc. and Harris Earthmoving, Inc., 2710 Wycliff Road, Raleigh, NC 27607-3033; (919) 781-4550. Time, date and place for this deposition will be agreed upon at a mutually convenient place and time once deponent has been identified through discovery.
2. **TBD**, Representative of C.T. Harris, Inc., 9411 Deepstep Road, Sandersville, GA 31082, (478) 552-6279, with knowledge of the invoices for the Martin Marietta Materials project and the transition from C.T. Harris to Harris Earthmoving, Inc. Time, date and place for this deposition will be agreed upon at a mutually convenient place and time once deponent has been identified through discovery.
3. **TBD**, Representative of Harris Earthmoving, Inc., a Delaware corporation with its principle place of business in Georgia, with knowledge of the invoices for the Martin Marietta Materials project and the transition from C.T. Harris to Harris Earthmoving, Inc. Time, date and place for this deposition will be agreed upon at a mutually convenient place and time once the deponent has been identified through discovery.

Defendant DDH Construction
1. **George Moye**,
2. All witnesses listed by Defendant TranCentral, Inc. above.

Defendant Alleykat Equipment:
1. All witnesses listed by Defendant TranCentral, Inc. above;

5

   2. **TBD,** Representative of Martin Marietta Materials, Inc. with knowledge of agreement for payment to Alleykat of parts and materials delivered and used in the Martin Marietta project. Time, date and place for this deposition will be agreed upon at a mutually convenient place and time once the deponent has been identified through discovery.

Defendant Harris Earthmoving, Inc.
   1. All witnesses listed above.
   2. **TBD**, Representative of Defendant TranCentral, Inc., with knowledge of any agreements between TranCentral and Martin Marietta, CT Harris, and Harris Earthmoving. Time, date and place for this deposition will be agreed upon at a mutually convenient place and time once deponent has been identified through discovery.

Defendant Internal Revenue Service
   1. All witnesses listed above.

C.  **Expert Witnesses** (*If applicable*)

  1.  **Designation of Experts**

      Any party who desires to use the testimony of an expert witness will be required to designate the expert according to the following schedule. With consideration to the fact that Defendants have filed responsive pleadings at different times and several Defendants' responsive pleadings have not been filed, the following schedule to disclose expert witnesses has been proposed:

      Plaintiff must disclose the identity of any expert witness on or before November 16, 2009, that being no more than ninety (90) days after the filing of the last answer of Defendants named in the original complaint.

      Defendant must thereafter disclose the identity of any expert witnesses that may testify on or before December 15, 2009, that being no more than 120 days after the filing of the last answer of Defendants named in the original complaint.

      In the event Defendant designates an expert where Plaintiff has not previously designated an expert, Plaintiff shall have an additional thirty (30) days to designate a rebuttal expert.

  2.  **Expert Reports**

      Any disclosure or designation of an expert witness must be accompanied by a written report prepared and signed by the expert in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

    3.    **Daubert Motions**

        Any Daubert Motions must be filed on or before _April 2, 2010_ , that being no more than 45 days after the expiration of discovery in this case.

D.    **Discovery Limitations or Need for Protective Order**

    At this time, the parties do not envision the need for a Protective Order in this case, nor do they imagine that any discovery information will seek confidential or proprietary information that might require a limitation on the scope of discovery.

E.    **Motions to Compel Discovery**

    As per this Court's *Rules 16 and 26 Order* filed in this case on June 12, 2009, the Court requests that the parties refrain from filing motions to compel discovery, and instead the Court requests parties to contact Lee Anne Purvis, Courtroom Deputy (478-752-0739), to schedule a telephone conference to discuss such matters.

F.    **Estimated Cost of Discovery**

    **For Plaintiff:** Plaintiff does not anticipate that the cost of its discovery will exceed $7,5000 including attorney's fees.

    **For Defendant:**
    TranCentral, Inc.: …………………………..**TBD**
    Alleykat Equipment: ……………………… **$7,000.00**
    DDH Construction: …………………………**TBD**
    Harris Earthmoving, Inc……………………..**TBD**
    Internal Revenue Service……………………**TBD**

V.    **Time for Filing Motions:**

    A.    **Motions to Amend the Pleadings or to Join Parties**

        All Motions seeking to amend the pleadings or to join parties or claims to the current action shall be filed on or before _January 16, 2010_.

**B.  Dispositive Motions**

The parties agree that all Dispositive Motions will be filed no later then   April 2, 2010, that being no more then 45 days after the expiration of discovery in this case.

In the event one or all parties would like to request oral argument on a pending Motion for Summary Judgment, a separate motion requesting oral argument will be filed in accordance with Local Rule 7.5.

## VI.  Certification of the Parties:

The parties certify by their signatures below that they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

This 27th day of July, 2009.

/s/ Daniel G. Cahill
Counsel for Plaintiff Martin Marietta Materials

Daniel G. Cahill
North Carolina Bar No. 20887
Poyner Spruill LLP
P.O. Box 1801
Raleigh, NC 27602-1801
919-783-6400
919-783-1075 (fax)
dcahill@poynerspruill.com


/s/ David J. Forestner
Counsel for Plaintiff Martin Marietta Materials

David J. Forestner
Georgia Bar No. 269177
McGuire Woods, LLP
1170 Peachtree St. 21st Floor
Atlanta, GA 30309
(404) 443-5728
(404) 443-5776 (fax)
dforestner@mcquirewoods.com

/s/ Andrew M. Beal
Counsel for Defendant TranCentral, Inc.

Andrew M. Beal
Georgia Bar No. 043842
7 Lenox Pointe
Atlanta, GA 30324
404-688-2700
404-688-2988 (fax)
abeal@ambealpc.com


/s/ William D. Gifford
Counsel for Defendant Internal Revenue Service

William David Gifford
Georgia Bar No. 293239
U.S. Attorney Office
P.O. Box 1702
300 Mulberry Street, Suite 400
Macon, GA 31202-1702
478-621-2729
478-621-2737 (fax)
Bill.Gifford@usdoj.gov

      /s/ David L. Judah\_\_\_
Counsel for Defendant Harris Earthmoving, Inc.

David Lee Judah
Georgia Bar No. 405605
218 Milledgeville Road
Gordon, GA 31031
478-628-2144
478-628-5216 (fax)
judahlaw@bellsouth.net


      /s/ Janis L. Rosser
Counsel for Defendant DDH Construction, Inc.

Janis L. Rosser
Georgia Bar No. 615250
570 Colonial Park Drive
Suite 306
Roswell, GA 30075
770-645-5400
770-645-0119 (fax)
janr@rosserlaw.com


      /s/ Kevin A. Wangerin
Counsel for Defendant Alleykat Equipment & Parts LLC

Kevin A. Wangerin
Georgia Bar No. 736520
P.O. Box 18107
Macon, GA 31209
478-757-8500
478-757-1132 (fax)
wangerink@aol.com

9

The Court, having reviewed the information contained in the Proposed Scheduling and Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED** this ____ day of _____, 2009.

_____
C. ASHLEY ROYAL
United States District Judge